APPELLANT PETER SANTO APPEARING PRO SE, DAVID CRISWELL APPEARING FOR APPELEE. All right, thank you. Mr. Santo, did you want to reserve any time? I'd like to split it half in two and take seven and a half minutes after Mr. Criswell speaks. All right, very good. You may begin. So I will address matters that I did not address in my papers in an effort to elaborate a little bit more fully things I may have missed in my briefing. And one of those things that I did not address particularly effectively is the idea of the bankruptcy judge, Judge McKittrick's discretion. And as you know, I have several cases before the BAP. I have several cases before the district court, several cases in the Ninth Circuit. And what is always been the tremendous difficulty in my bankruptcy has been what Judge McKittrick refers to as discretion. My contention is that he, the judge, uses the word discretion to mean that he can do pursuant to 11 U.S.C. 105, whatever he pleases. I think that's a wrong interpretation. And I believe the point I'm trying to make by this case is the manner in which he does, in fact, abuse his discretion. So thinking about discretion as the range of alternatives for a judge within the bounds of the range of choices, legal choices that he may have. Here is a case where Judge McKittrick knows full well that the bankruptcy trustee has initiated a second bankruptcy against me in Singapore. Judge McKittrick knows that in addition to being an involuntary bankrupt here in the United States, the bankruptcy trustee has forced me to be an involuntary bankrupt in Singapore. And so very clearly you have two ongoing cases. And so in addition to the abuse of discretion, Judge McKittrick does what he has done in many, many other cases, which is expand his jurisdiction to be whatever he pleases. And in this case, the demonstration of what has happened by Judge McKittrick, as Mr. Criswell purports, is that Judge McKittrick decides, well, case in Singapore, plenty of Singapore law regarding expert witnesses. Nevertheless, I'm going to take jurisdiction over it and award some more of Peter Santos' money to my longtime friends. And this is another important aspect of this case. As you go through the trustee, as you go through Mr. Criswell's curriculum vitae, you find that everyone who is getting a piece of my hard earned money over the last 50 years is somehow had a close personal relationship with Judge McKittrick. So jumping to what is more pertinent here. Once the case was, once the second case was initiated in Singapore under the jurisdiction of the Singapore Supreme Court under a justice of the Supreme Court, that was his case. As I demonstrated to you in my pleadings, there is ample Singapore law for an award of expert fees if there should need to be. And nevertheless, Judge McKittrick's expanse is discretion beyond all reasonable bounds. Judge McKittrick expands his jurisdiction outside the United States. Ironically, and I don't know if you've looked at some of the other cases, in many of the other cases, Judge McKittrick has happily taken jurisdiction over state court cases. Judge McKittrick has taken jurisdiction over cases in other states. And again, this is the type of difficulty I'm dealing with. So this case, while it only deals with $15,000, I'm hoping will be the linchpin to demonstrate to this court and the other courts, excuse me, before whom I'm appearing, that this is a very difficult case for me as a pro se litigant to fight. And as to the issue of being a pro se litigant, what has happened is when I realized in 2017 that Judge McKittrick had a real disdain for me, I scoured all of Portland trying to find counsel and very quickly it became apparent that I was toxic and I simply could not get counsel. Mr. Santo, let me interrupt you here just for a second. We today can consider the appeal that you have before us. And you're raising things about perhaps bias by Judge McKittrick, which is not before us today. And I don't know if you've, I know that you have, I think asked for recusal on a prior appeal perhaps, but that's not what we're talking about here today. What we're talking about here today is whether or not the attorney that Judge McKittrick authorized to be retained on behalf of the trustee is entitled to be paid attorney's fees in the bankruptcy case. Of course, you need to tell us why he's not. Of course, Your Honor. And what I was the way I was trying to connect the entire matter was to demonstrate that from the beginning, Judge McKittrick did not have the power to do anything that was related to a case that is outside of the United States. And so rather than telling you in those words, I'm using the words discretion and lack of jurisdiction to emphasize the legal principles that I think were violated in giving Mr. Criswell the opportunity to make $15,000 that she should not have been allowed to make. And another point that I'm going to address now is that in the Mr. Criswell's brief, he says he has never gotten paid by the Singapore Supreme Court. So the expert witness statute in Singapore allows only the Singapore judge to be the arbiter and awarder of fees. And when Mr. Criswell had an opportunity to affirm that under oath by a declaration, he did not do that. The denial of receiving money in Singapore is stated in his brief, but it is not under oath. And as a general principle, when something can be stated under oath to be precisely clear and the person fails to do so, the assumption can be the evidentiary presumption can be that he failed to make the attestation because he could not make the attestation. And so the other issue that I wanted to hit was 11 USC 330, where I think Mr. Criswell, well, I believe and I contend that Mr. Criswell's award of fees fails because he did not actually do anything. And it was not necessary to this bankruptcy. What Mr. Criswell did, if he did anything, was related only to a Singapore case, only within the jurisdiction of the Singapore court. And usurping that jurisdiction is not proper by Judge McKittrick sitting here at Oregon adjudicating an other case in another country. Again, going outside the bounds of this discretion, going outside the bounds of this jurisdiction. I'll stop and. Right. You'll reserve the rest of your time. Thank you, Your Honor. All right. Thank you, Mr. Criswell. Thank you, Your Honor. I was retained as an expert witness by the bankruptcy trustee to provide testimony on U.S. bankruptcy law in Singapore, contempt and turnover proceedings brought by the bankruptcy trustee in Singapore. After completing my task, I submitted a fee application after also being authorized to be employed by the bankruptcy trustee and was rewarded about $14,500 in fees and expenses. I'll focus my remarks today on two issues. First, I'll address the contention that I'm somehow required to seek approval and payment of my fees from the Singapore court. And second, that I did nothing in that Singapore proceeding to earn the fees. First, looking at statutory basis, the U.S. District Court has original and exclusive jurisdiction of all cases under Title 11, 11 U.S.C. 1334A. This original and exclusive jurisdiction has been referred to the Oregon Bankruptcy Court pursuant to 28 U.S.C. 157A and the implementing of Oregon District Court rule. Also in 1334, a federal district court in which a Title 11 case is commenced has exclusive jurisdiction over all of the debtor's property wherever located and also exclusive jurisdiction over all claims involving the retention of professionals. That's 28 U.S.C. 1334E1 and E2. Again, this exclusive jurisdiction was referred by the District Court to the Bankruptcy Court and pursuant to the powers given to him, Judge McKittrick reviewed and approved fee application. Counsel, can I ask a question? So is it your position that there were assets that the trustee was trying to control or obtain control over, needed the assistance of the Singapore court to obtain it? And in order to help the Singapore court understand its position, was asking for your assistance to advise the Singapore court about the effect of bankruptcy law on those particular assets? That's correct. And you filed an application or the trustee filed an application to employ you in that context? That's correct. The debtor, Mr. Santos, objected and the court overruled his objection. That's correct. There is no appeal of the court's order employing you. The only appeal is with regard to the award of fees that was entered as a final order after your employment was completed. That's correct. The only basis that he alleged in his appeal is that your fees were garbage. There was no need for your fees to be incurred. That's the gravamen, I think, of his objection. Yes. The bankruptcy court examined the application, went through and determined that what you did was reasonable in terms of time and was necessary in terms of the responsibility that you were required or asked to perform. Yes. Okay. I just want to make sure I understand what your argument is. The only other argument. Can I ask a question before? Yes, certainly. Is this a surplus case? I don't know. Okay. I don't know if you're getting to whether Mr. Santos has standing or any pecuniary interest in this. I was at a very limited role as an expert witness and have stayed out of the case since then. I think it's also critical that there has been a determination made to deny him a discharge in this case. That's in the record. Yes. Thank you. So even assuming that the panel is permitted to disregard the exclusive statutory authority of the bankruptcy court to rule on a fee application over an unappealed employment order. The Singapore rule that Mr. Santos cited is inapplicable and the Singapore court itself has ruled on that and it's in the record. I would direct the panel's attention to bankruptcy document 1107, which is the fee application of the trustees Singapore council that has connected to it an affidavit of the trustee and papers from the Singapore proceeding, including my primary initial declaration. And one of the documents attached to that submission and document 1107, which the appellee designated as part of the record under bankruptcy BAP ECF 12 is an email from the Singapore Supreme Court registry. That's authenticated by the bankruptcy trustee, specifically holding that the rule that Mr. Santos relied upon is simply inapplicable because that only applies to court experts, experts directly retained by the court. And the court pointed out that I was retained under rule, excuse me, order 41A of the Singapore court rules, which are party experts. Mr. Santos had his own party expert who submitted a competing declaration so that it's simply inapplicable. There's no, even if you can ignore the exclusive jurisdiction, the Singapore rules themselves do not require me to go to Singapore to get approval of my fees. Since I was not a court expert under order 40, I was an expert of one of the parties under rule, excuse me, order 41A. And again, that's attached to document 107 in the record. So the other issue is Mr. Santos said, I didn't do anything in the proceeding. Again, that same document I just referenced in the record has a copy of my declaration. It's in the application, the fee application of Singapore special counsel that attests that I submitted expert testimony in that proceeding. So in conclusion, I would ask the court to affirm the ruling of judge McKittrick on this fee application. Thanks counsel. I just have one other question. That is he raises an issue about dual duplicate payments and suggests that because you didn't affirm in the bankruptcy case in some manner that you haven't been paid in Singapore. We're to presume that you have in fact been paid in Singapore. How do we supposed to resolve that question? Well, your honor, I, I, that issue wasn't raised below. So I had no opportunity to submit a sworn declaration. And I don't think it's proper for someone on an appeal to submit evidence since we have to rely only on the record. But the fact is that I submitted an application to the bankruptcy court. It was granted and it remained, those fees remain unpaid as of today. All right. Thank you. All right. Does anyone have any further questions for Mr. Crispo? I don't either. Thank you, Mr. Crispo. All right. Mr. Santo, you've got a little bit less than seven minutes. So please tell us what else you want us to hear. Yes, your honor. As to this issue of what I appealed, I believe the rule is that the final, the final appeal encompasses all of the subsidiary events in the case. And so the argument that Mr. Crispo made about me not appealing the grant of his, his ability to work on the case is not an issue because I did appeal the final order. And that encompasses all the subsidiary orders. But still, when I say that I am skeptical about what Mr. Crispo did, what would demonstrate his actual participation is a file stamped anything, some, any document file stamped by the court. As for the issue that I'm trying to raise, by going to Singapore, the trustee commenced the second bankruptcy. That bankruptcy is still proceeding. And the real problem with that bankruptcy is four years into the case. And as I mentioned in my papers, when I appeared at the first hearing in Singapore, the reason I prevailed at that hearing was that nothing had been served on me. There had been no notice. And because Singapore is an Anglo-Saxon law nation, these are, as in the United States, fundamental principles. So this case has been going on for four years without any service of even a single document at all. And so as to what Mr. Criswell did, as to what he should be paid for, what would be of merit to demonstrate some sort of affirmative participation in the case is some sort of document from a Singapore judge referencing Mr. Criswell's activities, referencing Mr. Criswell's participation in the case. And still, I contend that because the case, because Mr. Criswell's participation related to a case in Singapore, that he must go to a Singapore judge, Singapore, to the Singapore court to obtain whatever fee he believes he is entitled to. The resting on his laurels idea that Judge McKittrick can expand his jurisdiction, can expand his discretion to be whatever he pleases, simply does not work. This is a case in a foreign country. The United States has not yet decided to affect regime change in Singapore to be able to take over Singapore's courts. Singapore courts are sovereign. Singapore courts operate by themselves. There is no basis for Judge McKittrick to affect anything in Singapore. Again, what I consistently point to is the close personal relationship with the trustee, the trustees council and Judge McKittrick. I believe one of the, not a believe, I am certain that one of the trustees council was law partners with Judge McKittrick and is thereby, has been thereby blessed with the ability to dismantle the $8.5 million I brought to this bankruptcy in 2016. And your honor asked the question as to whether this is a asset case. Yes, it is. When the case was converted to chapter seven, there were $8 million available for thieving. It was a surplus case. I was asking whether there was a surplus, really, whether all creditors were paid in full. But Judge Gannon has answered that question for me. So I don't, you've got a few more minutes. I don't want you to spend time on something that is kind of. I'm sorry. In any case, so the issue breaks down to whether or not this panel wants to expand a bankruptcy judge's discretion to be whatever it wants. And my contention is when the trustee committed to a second bankruptcy against me in Singapore, they were committed to that. They were committed to following the Singapore court's rules. They were committed to seeing that bankruptcy through. And they cannot play both sides to make double recoveries. And again, the argument I made about verifying the brief, that's a simple procedure. It's not unexpected. It's not something that should be a surprise to Mr. Criswell. And I'm holding that forth as an example of an opportunity to create some sort of meritorious demonstration that any of this participation or alleged participation in Singapore was actual and necessary. And that's why I'm going back to the 11 USC 3 3 0. And I contend that for the bankruptcy here in the United States, none of Mr. Criswell's work was necessary or was it actual in the context of doing anything for the United States bankruptcy. And additionally, in this bankruptcy, Judge McKittrick will allow anything that will take my money. And this was just another example, but a very crystal clear example of an instance where there was no just discretion. There was no jurisdiction to award any sort of activity by Mr. Criswell in Singapore. And for Mr. Criswell, the remedy still remains to go to the Singapore court to make a petition in the Singapore court where the Singapore case is still active against me to make a claim. And again, as a further demonstration that I think Mr. Criswell has made a double recovery is the fact that he isn't even thinking or is not stating that he that is even a possibility when in fact, he could make that claim and he doesn't have to go to Singapore. He can file it by email if he needed to. Had he not already made a recovery. All right. You've gone over your time, Mr. Santos. I'm sorry. I think that's fine. Thank you for your argument and yours as well, Mr. Criswell. And this matter will be submitted. So thank you. And that was our last matter. So, Madam Clerk, did you want to adjourn court or should I do that? You may adjourn. All right. So we are adjourned. Thank you all very much. Thank you. Thank you, Your Honor.
judges: BRAND, SPRAKER, GAN